STATE OF MAINE                                    SUPERIOR COURT
                                                  CRIMINAL ACTION
PENOBSCOT, ss.        FILED & ENTERED             DOCKET NO. CR-05-08
                     SUPERIOR COURT                                    5

STATE OF MAINE         APR 2 7 2005

      v.              PENOBSCOT COUNTY            DECISION ON MOTION
                                                 TO SUPPRESS
JOSEPH DEMMONS,

            Defendant                                    JUL 20 2005

       This motion is before the court on the defendant's motion to suppress certain

statements and other evidence made during investigative questioning by Detective

Trask of the Penobscot County Sheriff's Office during investigation of a house burglary

in August of 2004. The defendant argues that during the first portion of the questioning

on August 23, 2004, he was not advised of his *Miranda* rights while being interrogated

while in custody. He also argues that during the second interview session the following

day, August 24, 2004, he asserted his right to counsel under the Sixth Amendment of

the United States Constitution and that the interrogation should have stopped even

though he either previously or subsequently was advised of his rights. The motion will

be denied.

## Background

       In August of 2004, Detective Trask was investigating a home burglary in

Penobscot County. Following the preliminary investigation, a suspect was arrested.

This suspect not only admitted his own guilt, but said that defendant Demmons had

assisted and that he had possession of a firearm that was taken from the house.

       Following up on information from the other suspect, the detective sought the

defendant at his place of work. The detective was accompanied by another detective

and by two probation officers. All four law enforcement officials were in plain clothes

and unmarked vehicles. The detective found the defendant at a driving range which was part of the employer's establishment. Detective Trask spoke with the defendant while the other three officers waited some distance away. The detective assured the defendant that he was not under arrest and that he would not be placed under arrest, but the detective had some questions concerning this burglary. The defendant initially indicated he had no trouble talking with the detective because he knew nothing about the burglary, however, when informed that the co-defendant was in police custody and had talked about the burglary and the firearm, the defendant relented. The detective told the defendant at that point that he just wanted to get the gun off of the streets and asked the defendant to assist in locating it. The defendant indicated that he would take the detective to the location where the gun was being kept and the detective invited the defendant to go with him in his vehicle. After directing the detective to the hiding place, the defendant retrieved the gun and gave it to the detective. The detective then drove the defendant back to his workplace so that he would not get in trouble with his employer. Before leaving, they made an appointment to discuss the matter further at the sheriff's headquarters the next day.

On August 24, 2004, the defendant appeared at the Penobscot County Sheriff's Office, as planned. The defendant was not under arrest and appeared voluntarily. The defendant was informed that he was free to go, and he indicated his agreement with this. At some point, the defendant indicated that he was going to talk to an attorney before he entered any plea, or words to that effect. The detective told him it would be fine if he had his attorney with him then. The detective also advised the defendant of his rights under *Miranda* and had him initial and sign a *Miranda* warning sheet (State's exhibit 1). After the defendant indicated that he wished to answer questions, further questioning ensued.

The defendant's motion to suppress applies to statements made on both the 23rd and 24th, though for slightly different reasons.

## Discussion

The defendant's primary argument with regard to statements made on August 23rd is that he was in a situation which was the equivalent of being in custody, which made the questioning by the detective a "custodial interrogation." According to the defendant, the detective's failure to advise the defendant of his *Miranda* rights taints any statement or action that he took during the interrogation and requires their suppression. Since it is admitted that no *Miranda* warnings were given on the 23rd, the key is whether the discussion between the detective and the defendant constituted a custodial interrogation.

The defendant relies heavily on *State v. Holloway*, 2000 ME 172, 760 A.2d 223. However, although there may be a few similarities between the cases, the court finds that the atmosphere created by the detectives in each case was very different. In both cases, the defendant was told that he was not under arrest, but in *Holloway* the defendant ultimately was arrested. In both cases, there were two detectives who went to the defendant's location, but in *Holloway* both detectives were active participants in the questioning, while in the present case only one took the lead in the discussion. In *Holloway*, the detectives were extremely aggressive in their questioning and accusations against the defendant, while in the present case the defendant was told of the information provided by a co-defendant, but was also was told that the primary concern of the detective was recovery of the firearm rather than accusation of any specific crime at that time. In *Holloway* the defendant was arrested, here he was returned to his work, as promised. Thus, the two situations taken as a whole simply are not comparable.

during the questioning on August 23. Therefore, no *Miranda* warning was required and this portion of the motion to suppress will be denied.

PENOBSCOT COUNTY SUPERIOR COURT
CR-2005-8

STATE OF MAINE V JOSEPH DEMMONS

STATE'S ATTORNEY:
      ALICE CLIFFORD, ASS'T DISTRICT ATTORNEY
      OFFICE OF THE DISTRICT ATTORNEY
      97 HAMMOND STREET
      BANGOR, ME 04401

DEFENSE ATTORNEY:
      LAWRENCE LUNN, ESQ.
      HALL & LUNN
      107-111 COLUMBIA STREET
      BANGOR, ME 04401

PLEASE NOTE: N. LAURENCE WILLEY, JR., ESQ. WAS ATTORNEY OF
RECORD FOR THE DEFENDANT AT HEARING ON MOTION TO SUPPRESS
HELD ON 3/9/2005, SUBSEQUENTLY GIVEN LEAVE TO WITHDRAW WITH NEW
COUNSEL APPOINTED